Good morning, Mr. Bargill. Good morning, Your Honor. Good morning. Thank you, Mr. Court and Counsel. Again, my name is Paul Bargill, for the record, and I represent the appellant, Christopher Loeber. The case before the Court this morning involves an appeal of a sanction order for a little over $31,000 in a dissolution of marriage case. In the time allotted to me this morning, I would like to address the various components of that order and attempt to persuade the Court that the order should be overturned for various reasons, among them that the circumstances do not support the finding of a 508B order for sanctions, and because the Court lacked the authority, in my view, our view, based on the pleadings that were filed to enter sanctions in some of the cases. Counsel, I have, I guess, a question to start out with, and that is, we are missing a number of transcripts. The record does not contain reports of proceedings for hearings that were held on January 6, 2011, that is, on your client's petition for retrieval of property and Cheryl's emergency contempt petition. We don't have the February 1, 2011 hearing on Cheryl's fee petition. We don't have the transcript for Christopher's motion to reconsider. We don't have the October 18 transcript. How can we review your client's contentions of error without these transcripts? Well, the contentions of error that are raised are not so much contentions of fact or a manifest way to the evidence kinds of questions. The contentions of error that we've raised have to do with the Court's authority, based on the pleadings that were filed, to grant the relief that was requested. The transcripts of the— Specificity? I don't know. Well, I know that specificity is what, at least what I was referring to. What I'm saying is that, with regard to all of these, and if I get a chance, I'll go through them individually. The counsel's position in this case has been that the award of fees is appropriate under Section 508B of the Marriage and Dissolution of Marriage Act. That's his position throughout this case. Our position is that there are two pleadings that were filed in this case, upon which the sanctions and the fees were based. Both were filed on September 20. One of them was called a petition for contribution, and the other one was called an amended emergency petition, which had five counts. The petition for contribution arguably—and I say arguably—could involve Section 508B because the petition begins by saying that it's filed pursuant to Section 508 and 503J. Well, 503J clearly doesn't apply, but Section 508 could. Now, he doesn't distinguish between A and B, but he says 508, so arguably that implicates 508B. The second petition that was filed on that day was an amended petition for relief in five counts. That petition relies on—for its authority on Section 501, Section 607, 610, but it does not involve Section 508B. So our position is that any fees that were entered pursuant to that amended petition were clearly entered without legal authority because the authority that it was relied on was not Section 508B. So there could be no fees, in our judgment, pursuant to that five-count amended petition. And what case authority have you cited, or can you cite to the Court in support of that, that a Court cannot make such an award if the wrong section has been cited? Well, I've cited in Section 2 of my argument, at pages 14 and 15, one of the cases that I've cited was in remarriage of Pond and Pamerenke, and that's the Illinois Citus 379, ILL-F-2-982. And it says—and I don't want to make a blunty—but it says that we noted several petitions for attorneys' fees, requested fees, under Section 508B of the Dissolution Act. This is from page 14 of my brief. That section allows for attorneys' fees if a party in a dissolution action originally fails to comply with an order. If the trial court finds that the party's failure to comply with an order was without compelling cause or justification, it must award attorneys' fees to the other party. Here, the parties agree that the hearing that ultimately took place on attorneys' fees was under Section 508A of the Dissolution Act. Accordingly, the petitioner waived any claim that the Court was required to enter any findings under Section 508B of the Dissolution Act. So that's one case that I think supports our position. Well, you're saying that they waived it then by citing the wrong section? Well, I'm saying that by failing to cite the right sections, the Court—because they failed to cite the right sections, the Court lacked authority to go ahead and award fees under the section that they failed to cite. And did you point this out to the trial court, that the trial court lacked authority? Well, I wasn't—I wasn't—I wasn't there. And, I mean, personally, did anyone call the trial court's attention? I can't—I can't say. The trial court— The failure to produce a record that you made that argument in the trial court, regardless of who the lawyer is, doesn't that result in forfeiture? No, I don't think so, Your Honor. Not in this particular case, because what we're talking about, I think, in this particular case is a jurisdictional matter. I would also like to cite two more cases, which you cited at page 16 of our brief, and that's the marriage of Suriato or Fever and the marriage of Fox. And it says, with limited exceptions—and this is on page 16. This quote is on page 16. It says, with limited exceptions, circuit courts have original jurisdiction of all justiciable matters. The court's authority to exercise its jurisdiction and to resolve a justiciable question is invoked for the filing of a complaint or petition. Pleadings that function to frame the issues for the trial court and circumscribe the relief the court is empowered to order. A party cannot be granted relief in the absence of corresponding pleadings. If a justiciable issue is not presented to the court through proper pleadings, the court cannot correspondingly adjudicate an issue. But that's not what we have here, counsel. I'm sorry. That isn't the situation we have here. There wasn't anything sua sponte that the court did. Well, I think that there was a sua sponte order there. When relief was granted, pursuant to this amended emergency petition, which did not invoke Section 50B, and that's clear as clear can be, which did not invoke Section 50B of the Marriage and Dissolution of Marriage Act, the court entered an order imposing sanctions in the form of fees based upon Section 508B. And that's what counsel says all through his brief. This is a Section 508B case. He says in his brief, at page 22, the court afforded fees pertinent to 750 ILCS 5 slash 50B. And then he says in his first paragraph on that page, the fees awarded were pursuant to 750 ILCS 5 slash 508B. I agree with that. That's what the fees were entered, you know, according to. But when Section 508B is not invoked as authority in the petition, which has been filed, and the court grants fees under 508B, then the court is doing what it does in my judgment sua sponte, because the pleadings, I mean, the cases, the long list of cases that say, you know, you have to have pleadings and proof in order to get relief. I just don't understand your position. You're saying that the way the petition was framed, the lack of specificity, 508B was never invoked by the pleadings in this case. Is that necessarily what you're saying? Yes, with regard to the amended emergency petition, that is exactly correct. Let me ask you this. Sure. Is it clear, it's clear from the record, is it not, that the court on June 28th and again on November 28th made it clear that he was awarding fees because of your clients needlessly increasing the cost of litigation? On both occasions, the court used that language, 508B language, correct? That's correct. And did your client or his counsel at the time object to the use of that language and that reference by the trial court to 508B? Well, I don't know the answer to that question. But I would say, if I can have the consequence of that. Let me finish my question. I'm sorry, I apologize. How does that not result in forfeiture of that argument here? Because to the extent that this matter is a jurisdictional matter, my trial counsel's objection or lack of objection would not have any impact or consequence on that. It is the one kind of thing, it is the one kind of thing for which there would be no forfeiture. All right, you're saying that you're going to well-serve the law, you're alleging, and that's for us to decide. If the order is void, okay, there is no jurisdiction and you can't confer jurisdiction on it. If it's void, it's void. Yeah, that's true. If I may, in response to Your Honor's question, Justice Perkins, I may sit down and say, too, this is, I think to some degree this is a two-way street, although the order was in his favor. Certainly, certainly, counsel for Mrs. Lohmann could have, prior to the time the case went up on appeal, could have, there were motions to reconsider, file a motion to conform the pleadings to the proof. He could have come in and said, well, I want to amend my pleading and I want to say that we're, you know, the relief that was granted was granted pursuant to Section 508B, so I want to invoke Section 508B in an amendment to the pleadings to conform to the proof. That was never done either. So my, I, well, anyhow, those are my answers to your questions. If I can, I'd like very briefly to kind of run through some of these things. The $15,000 that was awarded for his alleged violation in a joint parenting agreement by calling DCFS, the first thing that I want to point out is that on January 6th, the trial court entered an order that says, Okay. Less than a month later, on February 1st, however, trial court enters a second order on fees, and in that order, paragraph three of that order, he says that he, that Mike Lange is going to be responsible for 100% of the fees, and the language in the order, this is the February 1st order, says that the fees are awarded relative to the resolution of the issues addressed slash raised in count five of Cheryl's petition slash amendment, emergency petition to request the children's representative. Now, there's two things that I think are wrong with that. You know, well, first, you know, the court says he's not in contempt of court for contacting DCF, but now the court is awarding him fees, and I acknowledge the fact that under some circumstances you can award fees, even though there's been no contempt finding. But the two things that I think are wrong with this is, number one, count five of Cheryl's amended emergency petition to reappoint children's, to the children's representative, that's not count five of his amended emergency petition. That's actually count one, so that's wrong. I mean, what I'm saying is, although the court awards fees for count five, what it references is count one of the petition, so that's a mistake, which I think should result in the court's petition being over, or the court's order being overturned with regard to this. It's also, it's also, my position also is that it's clear from this that the court isn't relying on his amended emergency petition. That is the petition which does not invoke section 508B. And if the court relied on that petition, which does not have the proper authority to enter the award fees here, then that should be overturned. And to me, all the record that we need is in front of us, I think, to determine that. Counsel, are you all in, so to speak, on this jurisdictional 508B, rather than going through the various incidents that gave rise to these petitions? Well, yeah, I think my brief would pretty much indicate that, Your Honor, and I think that's pretty much what my position is. The second thing, he also got a little over $4,000 relative to the personal property issue. My client files a petition saying, I want, there's pieces of personal property in the house, I want them back. I can't get them back. So they fight about that. The court has an order that says he's entitled to get his pieces of personal property back. That's also, I believe, the January 6th order. Now, how, I realize I'm not supposed to ask questions, but to me it's a rhetorical question. How can a client who is dealing with someone, for whatever reason, who refuses to give him property, how do you work that out? I mean, the only way that I can think of, under the law, is to come to court, ask the court for relief, and the court granted the relief that he requested. So, you know, fees with regard to that, to me, are totally inappropriate. Well, counsel, 508B has two sentences. I'm sorry? Section 508B contains two sentences and two provisions. The second one allows an award for, in the circumstance when the litigation is needlessly prolonged. Well. And so, certainly, the trial court here made certain findings in that regard with regard to what occurred. Well. On a number of these fields. Well, with regard to two, I believe. But, you know, my reaction to that response is twofold. The first is, of course, that the pleading under which the court was operating, and counsel was operating, and everybody else was operating, did not invoke that provision of the Marriage and Dissolution of Marriage Code. The amended emergency petition did not invoke 508B. So it seems to me that invoking that language is precisely what I was talking about in the very beginning. It doesn't match the pleadings, and the findings don't match with a grant of relief under Section 508B. That's my primary problem with that, and I think the most important one. So I won't even go to the next one, because I want to see if I can. He was also awarded – this, I think, is a classic example of how this case went off the tracks. She was also awarded fees in the amount of $1,157 relative to 237 notices that my client filed. I inadvertently, mistakenly referred to those as 137 notices in my brief. I apologized for that in my reply brief, and I apologize if I forgot. It doesn't have anything to do with the outcome. My client filed 237 notices to reduce that trial. They filed a motion to quash. The motion to quash was granted. The order granting fees for the motion to quash says that Cheryl Lohmer's motion to quash, 237 – I'm sorry, this is not very well written – is granted. And Christopher Lohmer is required as a 219C sanction to pay attorney's fees. Well, now, 219C was never implicated in any of the pleadings that were filed. Nobody has sanctions pursuant to Section 219C. And not only that, if you take a look at the cases, or when you take a look at the cases, and I'm sure the Court knows because I've cited cases from this Court, it says Section 219C does not exist to punish litigants. Its purpose is to encourage litigants to comply with discovery. This was already over and done with, and discovery was not an issue in the case. So 219C never should have been used as a basis for sanctions. But it's indicative, I think, indicative of the kind of thing that went on here. All right. Let me – When you say the kind of thing that went on here – Well, what I mean is the kind of thing – I don't mean to imply any kind of wrongdoing. When I say the kind of thing that went on here, what I mean is the idea of mismatching or failing to match remedies or relief with the petitions that were read. That's what I'm talking about. I think if you take a look at this and read through these orders – You're not taking a shot at the trial court? Oh, never. Okay. Judge, I would not do that. I've been doing this for a long time. I'm not taking a shot at anybody. Okay. I mean, but I'm just saying it's – I don't know. It's what happened. And the last thing I want to say is that with regard to the motions to reconsider, there's about $6,000 in fees that were requested there. As the court well knows, motions to reconsider are appropriate where a litigant is trying to bring to detention in a court errors of fact or errors of the law which impact or affect the judgment in some way. Here, the motions to reconsider that were filed raise some of the same kinds of questions that we raise in our brief and that E.R. Price tried to raise here, and I think that they attempted to – I don't want to say embellish either, but they tried to draw that out a little bit more than maybe they had done before. Thank you, counsel. You will have time to reply. Sure. Thank you, Your Honor. Mr. Sabat? Here we go. Good morning, Your Honor. Good morning. Counsel, how do you respond to counsel's contention that the mismatched or mislabeled provisions of the statute actually deprive the trial court of jurisdiction to enter these orders for fees, and therefore we have void orders? I disagree with counsel's contentions. First of all, I think the argument that counsel laid out was that there was not an appropriate petition before the court. In fact, we had not only the petition for contribution, which did reference 508, and the allegations within that petition went to both 508A and 508B contentions. We also had, contrary to counsel, I think he referenced on many occasions the petition for rule. With respect to the petition for rule to show cause, although the petition codified in terms of seeking contempt was denied under marriage of Roach, which was cited in marriage of Berto, which was set forth in our brief. In that instance, the court awarded fees despite a petition for rule being denied and the individual was not found in contempt of court. The court found that the individual's conduct was without cause or justification, which is a 508B section, and awarded fees without a corresponding petition for fees being before the court. So I believe the court had the authority not only under our initial petition for contribution. They also had the authority under the petition, count five of the petition for rule, despite the petition of the contempt of request being denied. Did this issue ever come up at the trial court level? Absolutely not, and I was the trial attorney. Not only was it never raised to the court of lacking jurisdiction or lacking an appropriate petition. In fact, the motion to reconsider filed, which is part of this record by Mr. Loeber, specifically references in paragraph five, it states, attorney's fees based upon noncompliance with court orders and conduct of proceedings for improper purpose are governed by 750 ILCS 5 slash 508B. And then they proceed to cite that section of the statute. In essence, the argument in the motion to reconsider and the amended motion to reconsider was that the court's finding that the fee should be awarded for him needlessly increasing the cost of litigation was improper because he wasn't needlessly increasing the cost of litigation. He had justifiable reasons. But there was never an argument that the court lacked jurisdiction, that there wasn't a proper pleading, or that they weren't given proper notice that there was a hearing to proceed under 508B. Did Mrs. Loeber's petitions in this case, did it specifically specify it was being brought under 508B? Did not specifically. It has 508 was in the petition for contribution. The other petitions, the motion for the response to the petition for personal property, the response to the motion to reconsider, as well as the amended response to the amended motion to reconsideration, as well as the, I think those two petitions, both also in the wherefore clause, request not only fees for having to respond to the petitions, also invoke a general jurisdiction request by the court. But didn't really specify 508B. Did not specify. Is there a reason that it didn't? The petition for contribution, because it was being brought under both guises of 508, both 508A and 508B, at the time in which we proceeded to hearing on it, we chose not to proceed under the 508 section of the allegations, but chose to proceed under the 508B, which is very clear and denoted in the record. There was never any objection by opposing counsel, even in their response to the motion for contribution, where they're seeking to strike or dismiss or allege that somehow it was vague and ambiguous. It's just a general admit and denial in response to the motion. So your legal position is the case law you're arguing would indicate that even though it was not set forth with specificity in the final analysis, it's not waived? Absolutely, Your Honor. Not only that, I believe that the contention is that we filed a proper petition under 508. It invoked both 508A and 508B allegations. There was never any motion to strike or otherwise or any issues raised by counsel, so I believe that they waived them to the extent that they had any issue. And the case law that you have been citing is true that says that as well? Well, all I can say is that I couldn't find any case that said, because in essence counsel's argument in contention is that it's waived because there wasn't specificity, that the allegation in the petition for contribution specified the allegations regarding count five of our emergency petition, but because the allegations weren't specifically denoted regarding the personal property issue, the motion to reconsider, that somehow they were waived or that were barred. I found no case that would require us to denote with specificity each basis. In fact, the petition also indicates that Chris deliberately caused Sherry to incur significant attorney's fees and costs by inter alia taking unreasonable and unjustifiable positions in the litigation, including, and then we specify that one instance. But I don't believe that I couldn't find any case that would support the contention that you're required to specify in detail all the factual undertones in order to invoke the jurisdiction of the court. I also submit that the other petitions that we filed, the response to the petition for personal property, which we contended that his conduct was harassing in nature and requested fees, as well as the response to the motion to reconsider where we contend that there were no new issues being raised. They were merely re-arguing the same issues that had been argued before the court and asked for fees as well in the wherefore clause, all provided the court with proper pleadings before the court and jurisdiction to make their ruling. I think both of you have sufficiently set forth your positions on the overarching issue. He's alleging that the lack of specificity in the pleadings and motions without invoking 501B means that the court's orders were void. You're arguing that it was not void. It was waived. Let me ask you this. He chose not to go into specific instances relying primarily on the overarching argument that the court didn't have jurisdiction, but he did allude to one specific incident that I read with some interest. He's arguing, well, Christopher couldn't get his property out of the house. What is he supposed to do? He's got to do something, file some type of petition, and then ultimately went to the movers. So he's saying what's wrong with that, and what's your response to that? My response to that, Your Honors, if you look at the pleadings, how this commenced, is Mr. Loeber filed a petition with the court to seek personal property. Our contention in the response was that he was seeking items he wasn't otherwise entitled to under the terms and provisions of the judgment, specifically in Exhibit A that was attached to the marital settlement agreement that allocated personal property. And our contention was that he was seeking property that wasn't awarded to him under the guise of debris. There was a small asterisk at the bottom of the list that said the parties would, I believe, review the remaining debris in the house. And somehow our contention was that a signed taboo to Qatar was somehow being couched under the terms of debris. His mother's watch, neither of which were specified in Exhibit A, delineating the specific personal property that was awarded to him, was somehow also couched under debris. And our contention was not only was that an improper pleading and an improper request seeking items that clearly he was not entitled to, that his conduct also precipitated the litigation. There were 10 different occasions, which I think in his own petition he acknowledges he was in the house on at least 10 different occasions. We contended that that constituted over 95 hours of being in the house. We contended that he was verbally and physically abusive to my client, and the final straw was when he lit on fire a support check that he was going to tender to her in the house, and it was at that point in time when she had asked him to leave, and he was removed, I believe, from the residence. He then filed his petition. The court ultimately ordered only 80% of the fees, presumably, and not only presumably, I was there, allocating the cost between my client and Mr. Loeber based on the facts and circumstances and the testimony that she heard relative to the party's conduct. But clearly I believe that she properly considered the facts and circumstances, the evidence that was presented to the court, and properly allocated fees. One other issue that I didn't raise but I think is important under 508B, 508B specifically states that a court any time finds that a hearing under this act was precipitated or conducted for an improper purpose has the authority to order fees. I would submit to the court, and I believe we cite in our motion, that despite the fact that we had more than ample petitions on file, the 508 contribution petition, the request, and all the other responses to the petitions filed, that I believe the court has authority on its own to order fees, because at any time if a court found that it was for improper purposes, I don't believe it's necessary to have a petition before the court. I'm not conceding counsel's contention that there weren't proper petitions before the court. I just believe that if a court found someone, for example, in direct contempt, there's no necessity for someone to actually have a pleading in front of the court for the court to order fees relative to that. The court certainly has jurisdiction. Well, that would mean direct contempt. That's different, isn't it? Isn't direct contempt different? Certainly. I'm not saying that they're the same, but I think under the terms of the meeting of the specific statute, I think the court would have authority without the petitions, even though there were more than adequate and proper petitions. Is there some case, some Illinois case or authority, that defines for us what precipitated for an improper purpose means? Have you found any case that would enlighten us on that? I did not, Your Honor. But I think that it's under the discretion of the court in hearing the facts, the circumstances, the evidence before the court. In this instance, the court, I believe, made more than sufficient findings relative to Mr. Loeber's conduct, which invokes her authority under the statute to award fees. In terms of, although we just discussed the personal property issue, I know counsel had mentioned the 237B notice. And in that regard, although I agree with counsel that the purpose of 219C is to affect discovery and not to punish someone, which he cites cases, this wasn't a punishment. I think what counsel is not referring to is the section of 219C that says, in lieu of or in addition to the foregoing of the court on its own motion, can impose upon an offending party an appropriate sanction, which may include reasonable attorney's fees. And in this particular instance, what occurred was there was a prior court order entered excusing the parties from appearing in court because it was merely up for an argument, not for an evidentiary hearing. It also, discovery had clearly been closed. There was no further information or documents that were germane. And what was served upon us was a 237B notice not only requiring my client to appear in court, but also seeking documents. And the court, after hearing arguments, noting that there was a prior court order excusing the parties, noting that the documents requested were, one, I don't believe ever requested previously in any form of discovery, so it would be improper under 237B in the first right. But second of all, since it was a hearing, an argument and not an evidentiary hearing, it was improper. The court found that that was an improper request by Mr. Loeber and ordered fees attended to it. And I think clearly under 219C, the court had the authority. I don't think it was seeking to punish Mr. Loeber in terms of effectuating discovery. What all the cases seem to say is that if someone does something improper relative to discovery, you shouldn't, for example, bar someone from calling a witness just because of certain facts and circumstances, if in fact that's more of a punishment as opposed to opening up discovery and allowing someone, for example, to take a deposition of a witness so as to not cause undue surprise. And that is, I think, the connotation that the courts are referring to when they refer to punishment relative to a 219C. Now, is 237 a discovery provision? A form of discovery. It's not supposed to be used as a discovery, and I'll acknowledge that. Okay. Well, once again, no one ever raised any of these issues in the trial court relative to the court not having the jurisdiction or the authority to impose fees under any statutory section. The first time that these were being raised was with the appellate court. The arguments were all on the merits, not on the pleadings. Correct. So our review of the trial court's decisions in this case, you would agree, is under the abuse of discretion standard? Yes, Your Honor. And the trial court abuses discretion when its ruling is arbitrary or unreasonable or when no reasonable person would adopt a view taken by the trial court, is that correct? That is what the case law states, Your Honor. And I believe that based on the record presented and the pleadings, that clearly the court had not only the authority but clearly did not abuse its discretion and that the facts and circumstances justified the findings and the awards by the court. Thank you. Thank you very much, Your Honor. Mr. Gardner? Thank you, Your Honor. I would like to make really just two points because I want to clarify at least my argument or position. I have not argued, I don't think, that the pleadings lack specificity, which I would think would go to the allegations of fact and the like. What I have argued, I think, in my briefing before the court this morning, is that the pleadings that were filed fail to invoke appropriate authority. I mean, if you want to call that a lack of specificity, then it's a lack of specificity, but I don't want to confuse that with an argument with regard to the allegations of fact. I think that that can be resolved, and I would like to ask Your Honors to take a look at two pleadings that it was all based on. One is his amended emergency petition to reappoint children's representative. That's the five-count petition. It begins at page 149 of the record, and I think that's volume one. And the second one I'd like you to take a look at, if you would, which begins at page 179 of the record, is his petition, their petition, I should say, for contribution to attorney's fees and costs and other relief. If you take a look at this first amended emergency petition, which was relied upon for much, I would say, most of the fees in this question, you will see that nowhere in the petition is Section 508A or B referred to. That's why we take the position that you have to have a remedy that's based on the pleadings and the authority that's invoked in order to have a proper remedy. And that's what we say is the failure in this particular pleading, that this particular pleading does not authorize 508Bs for any of the things that were mentioned. Okay? There was also filed on September 20th this other petition. These were both filed on the same day. This one was called Petition for Contribution to Attorney's Fees and Costs and Other Relief. This one does say that it's filed pursuant to Section 508, 750 ILCS 508. It doesn't distinguish between 508 and B, A and B. And 503J. Now, it's clear the Illinois Supreme Court in a case called Bloom v. Koster, I believe, said that, you know, in a post-decree proceeding, you don't get 503J, you know, fees. So that's out. He says because he said 508A, that also implicates 508B. I will give him that. But if you take a look at this petition, which is four pages in length, you will find that it addresses only one of the incidents that the trial court granted fees for. And that's contained in Paragraph 3 of that petition. It says, Chris has deliberately cost Sherry to incur significant attorney's fees and costs by taking unreasonable and unjustified petitions in the litigation, including a recent incident on July 23rd, where Chris improperly and unjustifiably contacted the Department of Children and Family Services and faces allegations. All right. That is if you take a look through this, you will find that everything is related to that one instance, not the other things, not the retrieval of the property. Assuming this petition has the appropriate authority for sanctions, it would, in my opinion, relate to that one incident. Not only that, that's the same one that the trial court found that my client was not in contempt of the court for. Okay. This was the DCFS report? Yes. Where the trial court also found that the order they were trying to hold him in contempt for was ambiguous because of the timing and so on. So I submit that the significance, and again, that's the only thing that I think fees could conceivably be considered. I submit that that would be within the court's purview to rule on. But having denied the petition for contempt, having found that there was an ambiguity in the order, I submit that it's an abuse of discretion to find that his contact at DCFS was improper under the circumstances, or it was for an improper purpose, thereby invoking that second section of Section 508B. He did make that finding, though. The court did make the finding that your client, when he called and reported to DCFS, he found that it was constituted of essentially harassment because he was bringing up, he exaggerated the injuries and he brought up the issue of dog feces that had been discussed over a year before the call to DCFS. That is correct, Your Honor. That is correct. And he went on to say, and quoted, said that you told your wife that you were going to continue to litigate it and make it very expensive for the wife to litigate these matters. The court made those findings and observations at that time, correct? Yes, that is correct. That is correct. But I would, again, my reaction in response to that, well, first I'm sticking with my jurisdictional argument, but my response to that is that it seems to me, it seems to me, I don't know if this is a good legal argument or not, but it seems to me that having found my client not guilty of contempt based on the same facts and circumstances, you know, that existed later strikes me as being certainly inconsistent and I think an abuse of discretion. I, anyhow, I would ask the court to reverse this fee order in its entirety or to the extent that the court determines appropriate those sections of the fee order to which they think, or which they think were appropriate. Thank you very much. Thank you, counsel. At this time, the court will take the matter under advisement and render a decision in due course. We stand in brief recess until the next case. Thank you, counsel.